UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CR00159 ERW |
| ) | |
| JAY DUNLAP, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III, [ECF No. 56], recommending the denial of Defendant Jay Dunlap's ("Defendant") Motion to Dismiss [ECF No. 43], and Motion to Sever Count One from Counts Two, Three and Four for Purposes of Trial [ECF No. 44]. Defendant filed timely Objections to the Report and Recommendation, stating that he objected to the Magistrate's findings of fact, arguing that the Magistrate Judge erred in concluding that Count One should not be severed from Counts Two, Three and Four, and claiming that he will be irreparably prejudiced and that his rights under the Sixth Amendment to a fair and impartial trial will be abrogated if severance is not ordered [ECF No. 59]. Defendant does not object to the Magistrate's findings, conclusion, or recommendation regarding Defendant's Motion to Dismiss. Accordingly, the Court adopts the Magistrate's findings, conclusion, and recommendation regarding the Motion to Dismiss in their entirety, and incorporates them herein by reference.

The Court conducts a *de novo* review of those portions of a report or specified proposed findings to which timely objection is made. 28 U.S.C. § 636(b); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). At the outset, the Court notes that Defendant has

not made any specific objection to the Magistrate Judge's findings of fact, and the Court therefore adopts those facts in their entirety and will not restate them here. The Court considers Defendant's objections to the Magistrate Judge's conclusions with respect to his Motion to Sever.[1]

## I. MOTION TO SEVER [ECF NO. 44]

In his Motion to Sever, Defendant asserts that the Superseding Indictment filed against him by the Government alleges facts concerning two separate pieces of real estate, referred to as the Weatherby property and the Westminster property. Defendant states that Count I (alleging bank fraud in violation of 18 U.S.C. § 1344) of the indictment relates to the Weatherby property, and that Counts II, III, and IV (alleging bank fraud in violation of 18 U.S.C. § 1343) relate to the Westminster property. Defendant claims that, although Counts II, III, and IV incorporate by reference some of the facts of Count I, the incorporated paragraphs are merely background and do not allege any criminal conduct or criminal connection between Count I and Counts II, III, and IV. Defendant argues that he would be significantly prejudiced by being subjected to a lengthy trial in which a substantial portion of the evidence will focus on the Westminster property, as opposed to the Weatherby property. Defendant contends that: 1) he may be confounded in presenting separate defenses; 2) proof that he is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and 3) he may wish to testify regarding one of the offenses, but not the other, and may be forced to choose the unwanted alternative of testifying as to both, or testifying to neither.

---

[1]Although Defendant made a general objection to the findings of fact in his Objections, he did not take issue with any of those findings in his argument, and it is apparent that he instead is objecting to the legal conclusions the Magistrate Judge reached based on those findings.

2

Defendant does not specifically object to the findings and conclusions in the Report and Recommendation; rather, Defendant contends generally that the Magistrate Judge erred in concluding that Count I should not be severed from the other three counts of the Superseding Indictment filed against by the Government.

Rule 8(a) of the Federal Rules of Criminal Procedure provides:

**Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Joinder of offenses against defendants in a single trial is favored; consequently Rule 8(a) is liberally construed in favor or joinder. *United States v. Moyer*, 313 F.3d 1082, 1085 (8th Cir. 2002). Ordinarily, joinder is appropriate where the offenses are of the same or similar character, the offenses occurred over a relatively short period of time, and the evidence of the charges overlaps. *United States v. Tyndall*, 263 F.3d 848, 849 (8th Cir. 2001). Crimes of "similar character" are those which have a "general likeness," are "somewhat alike," are "nearly corresponding," or "resemble each other in many respects." *Id*. at 850 (citations omitted). The Eighth Circuit has found "a relatively short period of time" to include offenses occurring over the course of twenty months. *Id.* When considering the analogous "close in time" factor required by Federal Rule of Evidence 404(b) for the admission of evidence of another crime, wrong or act to show intent, the Eighth Circuit noted that there was no absolute rule regarding the number of years that can separate offenses. *United States v. Edelmann*, 458 F.3d 791, 809-10 (8th Cir. 2006).

There is a similar character between the alleged scheme used by Defendant in respect to both the Weatherby property and the Westminster property. In both charged offenses, real estate

was allegedly used by Defendant to secure funds to which he had no right.  In the commission of the alleged fraud, Defendant used straw parties in loan transactions.  Although the events occurred approximately three years apart, evidence of Defendant's use of a straw party in the purchase and financing of the Weatherby property would likely be admitted as evidence of Defendant's knowledge, motive, and intent in respect to his use of a straw party in the later Westminster property financing transaction.  Moreover, any possibility of prejudice to Defendant from joinder will be diminished by the giving of separate verdict directors for counts involving distinct offenses, and by instructing the jury to consider each count and the relating evidence separately.  *See United States v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999).  In its Response to Defendant's Objections, the Government has stated that it will consent to a specific, separate, legally accurate instruction which would require the jury to make separate and independent findings as to each element of each count [ECF No. 48 at 5].  As to Defendant's concern that he might be inhibited from testifying, the Court notes that Federal Rule of Evidence 611(b) restricts the Government's cross-examination of Defendant to those inquired upon during direct examination.  Thus, the Court will deny Defendant's Motion to Sever.

## II.  CONCLUSION

After de novo review, the Court has concluded that the Magistrate Judge properly determined that the alleged schemes used by Defendant in respect to both pieces of property were similar in character and that the evidence would overlap.  As a result, Defendant's Objections and his Motion to Sever will be denied.   Defendant did not file objections to the Magistrate Judge's recommended denial of his Motion to Dismiss [ECF No. 43], and the Court therefore adopts the Magistrate Judge's findings, and conclusion on that issue in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Sever Count One from Count Two, Three and Four for Purposes of Trial [ECF No. 44] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count I [ECF No. 43] is **DENIED**.

So Ordered this 8th day of February, 2013.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE